**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KERR-MCGEE CORPORATION, ANADARKO PETROLEUM CORPORATION, LUKE R. CORBETT, GREGORY PILCHER, ROBERT M. WOHLEBER, J. MICHAEL RAUH, THOMAS W. ADAMS, MARY MIKKELSON, and MARTY J. ROWLAND<br><br>Defendants. | 1:09-cv-06220-SAS<br><br>CLASS ACTION |
| OLIVER SHI, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>KERR-MCGEE CORPORATION, ANADARKO PETROLEUM CORPORATION, LUKE R. CORBETT, GREGORY PILCHER, ROBERT M. WOHLEBER, J. MICHAEL RAUH, THOMAS W. ADAMS, MARY MIKKELSON, and MARTY J. ROWLAND<br><br>Defendant(s). | 1:09-cv-06490-SAS<br><br>CLASS ACTION |

(continued on following page…)

| | |
|---|---|
| MONTI BARNES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KERR-MCGEE CORPORATION, ANADARKO PETROLEUM CORPORATION, LUKE R. CORBETT, GREGORY PILCHER, ROBERT M. WOHLEBER, J. MICHAEL RAUH, THOMAS W. ADAMS, MARY MIKKELSON, and MARTY J. ROWLAND<br><br>Defendants. | 1:09-cv-07116-SAS<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF OLIVER SHI'S MOTION TO CONSOLIDATE, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

# TABLE OF CONTENTS

Page(s)

I. The Actions Should Be Consolidated .................... 7

II. Movant Should Be Appointed Lead Plaintiff .................... 8

A. The Procedure Required by the PSLRA .................... 8

B. Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA .................... 10

**1.** Movant Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff .................... 10

**2.** Movant Has the Largest Financial Interest in the Relief Sought by the Class .................... 10

**3.** Movant Otherwise Satisfies Rule 23 and Possess the Requisite Standing to Prosecute the Claims .................... 11

III. The Court Should Approve Movant's Choice Of Counsel .................... 12

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*In re AMF Bowling Securities Litigation,*
No. 99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949 (S.D.N.Y. Mar. 25, 2002)................................8

*Armour v. Network Associates,*
171 F. Supp. 2d 1044 (N.D. Cal. 2001)........................................................................6

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002)......................................................................................6

*Ferrari v. Impath,*
03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004)..................................7

*In re Fuwei Films Securities Litigation.,*
247 F.R.D. 432 (S.D.N.Y 2008)......................................................................*passim*

*Johnson v. Celotex Corp.*,
899 F.2d 1281, 1284 (2d Cir. 1990)............................................................................4

*Lax v. First Merchants Acceptance Corp.,*
97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. *Ill*. Aug. 6, 2007)..............................7, 8

*In re Livent, Inc. Noteholders Securities Litigation,*
210 F.R.D. 512 (S.D.N.Y. 2002)..................................................................................9

*In re Sumitomo Copper Litigation,*
194 F.R.D. 480 (S.D.N.Y. 2000)..................................................................................9

**STATUTES & RULES**

Exchange Act
10(b)..............................................................................................................3
20(a)..............................................................................................................3

Federal Rules of Civil Procedure
Rule 23.....................................................................................................*passim*

Securities Exchange Act of 1934
Section 21D, *et seq*.....................................................................................*passim*

Private Securities Litigation Reform Act of 1995 (“PSLRA”),
15 U.S.C. § 78, *et seq*...................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ("PSLRA"),
15 U.S.C. § 77z-1, *et seq.* ........................................................................................ *passim*

17 C.F.R. §240.10b-5..................................................................................................................3

Plaintiff Oliver Shi ("Movant") submits this memorandum of law in support of his motion for: (i) consolidation of the above-captioned actions; (ii) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of Movant's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

**INTRODUCTION**

This litigation is a securities class action on behalf of all persons, other than defendants, who purchased the common stock (Class A or B) of Tronox, Inc. ("Tronox" or the "Company"), between November 29, 2005 and January 12, 2009, against certain officers and directors of Tronox, Kerr-McGee Corporation ("Kerr-McGee"), Anadarko Petroleum Corporation ("Anadarko"), and certain officers and directors of Kerr-McGee pursuant to Section 10(b) and 20(a) of the Exchange Act [15 U.S.C. §§78j(b) and 78t(a)] and Rule 10b-5 promulgated thereunder by the SEC [17 C.F.R. §240.10b-5] (the "Class").

The case arises from the spin-off of Tronox by Kerr-McGee in November of 2005 and March of 2006. In November of 2005, Kerr-McGee generated $225 million via the initial public offering (the "IPO") of Tronox at $14.00 per share, and retained control of 56.7% of Tronox's outstanding common stock. Then, in March of 2006, Kerr-McGee distributed its remaining 56.7% of Tronox stock to shareholders as Class B shares via a dividend.

Defendants, at the time of the IPO, knowingly mislead and misrepresented investors by materially understating the scope of Tronox's environmental and tort liabilities. The registration statement and the prospectus therein, contained information that was materially false, misleading and ignored the adverse conditions facing Tronox – it greatly understated the liabilities that

Tronox was burdened with. Eventually, the market was able to uncover what the defendants were attempting to conceal, as Tronox's environmental and tort liabilities were in far excess of what had been represented. Consequently, Tronox was in financial ruin and would need to seek the protection of bankruptcy laws therefore rendering the stockholders' investments virtually worthless.

Movant lost $3,618.53 in Tronox and has suffered damages as a result thereof. Movant believes that it has the largest financial interest in the outcome of the case, and is the most qualified Lead Plaintiff in this action. Movant has also complied with the PSLRA's procedural requirements. Movant executed a certification detailing its Class Period transactions; stating its willingness to serve as Lead Plaintiff and serve on behalf of the Class; and to work closely with its selected counsel during the prosecution of this litigation.

Accordingly, this Court should grant Movant's application seeking an order appointing it as Lead Plaintiff, as well as approval of their selection of Wolf Haldenstein as Lead Counsel.

## ARGUMENT

### I. THE ACTIONS SHOULD BE CONSOLIDATED

The Actions involve class action claims on behalf of all purchasers of Tronox common stock during the Class Period that assert similar and essentially overlapping class claims. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990). The consolidation test has been met and it is highly unlikely that defendants will take a counter position. Accordingly, consolidation is appropriate.

## II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The case organization requirements of Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B) of the PSLRA apply to each private action brought as a class action under the Federal Rules of Civil Procedure. The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii).

On July 10, 2009, plaintiff Alaska Electrical Pension Fund filed the first complaint in this action. On that same date, counsel for Alaska Electrical Pension Fund caused a notice to be published over a nationally recognized newswire advising investors that this lawsuit was initiated. *See* Declaration of Gregory M. Nespole, dated September 8, 2009 ("Nespole Decl.") at Ex. A . That notice advised class members of the existence of the lawsuit and described the claims asserted. This motion is timely filed within sixty (60) days from the publication of that notice.

The PSLRA requires the court to consider within 90 days all motions that were filed within 60 days after publication of that notice made by any person or group of persons who are members of the proposed class to be appointed Lead Plaintiff. Sections 21D(a)(3)(A)(i)(II) and (a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> i) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *See also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). *See In re Fuwei Films,* 247 F.R.D. 432, 442; *see e.g. Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001); s*ee also In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) ("The Act sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the Lead Plaintiff."). The Court may also consider factors in addition to the size of the loss. These considerations include whether, under Rule 23, the candidate is a typical and adequate representative. Moreover, even if a movant does not have the largest loss, it may rebut the presumption by demonstrating that the movant with the larger financial interest does not satisfy Rule 23 or that the movant is otherwise more adequate.

**B. Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA**

**1. Movant Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff**

Pursuant to the provisions of the PSLRA, Movant timely moved to be appointed Lead Plaintiff.[1] Movant signed and filed certifications stating that the Movant: (i) purchased the 14,485 shares; (ii) has reviewed the complaint and (iii) is willing to serve as representative party on behalf of the Class. *See* Nespole Decl., Ex. B. In addition, Movant selected and retained experienced and competent counsel to represent themselves and the Class.

Accordingly, Movant satisfy the individual requirements of the PSLRA and is entitled to have its application for: (i) appointment as Lead Plaintiff on behalf of all persons who purchased Tronox stock between November 29, 2005 and January 12, 2009; and (ii) selection of counsel considered by the Court.

**2. Movant Has the Largest Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the court shall appoint as Lead Plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. Movant has "the largest financial interest in the relief sought by the class" within the meaning of 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb). *See In re Fuwei Films,* 247 F.R.D. 432, 445 (citing *Lax v. First Merchants Acceptance Corp,* 97 Civ. 2715 1997 U.S. Dist. LEXIS 11866 at *5 (N.D. Ill. Aug 11, 1997); *Ferrari v. Impath*, 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at * 4 (S.D.N.Y. July 15, 2004). Movant purchased 14,485 shares of Tronox stock, and suffered losses of $3,618.53. Movant is unaware of any moving party with greater losses than what it

[1] September 8, 2009 is the 60th day after publication of the first notice.

suffered. Consequently, Movant has the largest financial interest, and should be appointed Lead Plaintiff.

### 3. Movant Otherwise Satisfies Rule 23 and Possesses the Requisite Standing to Prosecute the Claims

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court limits its inquiry to the typicality and adequacy prongs of Rule 23(a), and defers examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997); *See also In re Fuwei Films,* 247 F.R.D. 432, 442.

Movant satisfies both the typicality and adequacy requirements of Rule 23. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See In re Fuwei Films,* 247 F.R.D. 432, 443 (quoting *In re Drexel Burnham Lambert Group, Inc.* 960 F. 2d 285, 291). *See also In re AMF Bowling Securities Litigation*, No. 99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949, *12

(S.D.N.Y. Mar. 26, 2002); *In re Sumitomo Copper Litigation*, 194 F.R.D. 480, 482 (S.D.N.Y. 2000).

Movant seeks to represent a class of all persons, other than Defendants, who acquired Tronox common stock during the Class Period. Movant satisfies the typicality requirement because Movant: (i) acquired 14,485 shares; (ii) at prices allegedly artificially inflated as a result of Defendants' misconduct; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Movant arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. *In re Livent, Inc. Noteholders Securities Litigation*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002).

Finally, under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *In re Livent*, 210 F.R.D. at 512. The adequacy requirement is met here.

## III. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), the proposed Lead Plaintiffs shall, subject to court approval, select and retain counsel to represent the class they seek to represent. Movant has selected and retained Wolf Haldenstein to serve as Lead Counsel for the Class. Wolf Haldenstein has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts. *See* Nespole Decl., Ex. C.

Because there is nothing to suggest that Movant or its selected counsel will not fairly and adequately represent the Class of, or that Movant is subject to unique defenses, this Court should appoint Movant as Lead Plaintiff and approve Wolf Haldenstein as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the above-captioned actions; (2) appoint Movant as Lead Plaintiffs over the claims; and (3) approve Movant's selection of counsel to prosecute the claims against defendants.

Dated: September 8, 2009
New York, New York

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: /s/
Gregory M. Nespole
Gustavo Bruckner
Russell S. Miness
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653
Email: Nespole@whafh.com

LAW OFFICES OF BRUCE G. MURPHY
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963
Telephone: (772) 231-4202

555352