**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> KERR-MCGEE CORPORATION, ANADARKO PETROLEUM CORPORATION, LUKE R. CORBETT, GREGORY PILCHER, ROBERT M. WOHLEBER, J. MICHAEL RAUH, THOMAS W. ADAMS, MARY MIKKELSON and MARTY J. ROWLAND, <br><br> Defendants. | Civil Action No. 09 CV 6220 (SAS) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE FIRE AND POLICE PENSION ASSOCIATION OF COLORADO AND THE SAN ANTONIO FIRE AND POLICE PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED CASES**

| | |
|---|---|
| OLIVER SHI, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>KERR-MCGEE CORPORATION, ANADARKO PETROLEUM CORPORATION, LUKE R. CORBETT, GREGORY PILCHER, ROBERT M. WOHLEBER, J. MICHAEL RAUH, THOMAS W. ADAMS, MARY MIKKELSON, and MARTY J. ROWLAND<br><br>      Defendants. | Civil Action No. 09 CV 6490 |
| MONTI BARNES, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>KERR-MCGEE CORPORATION, ANADARKO PETROLEUM CORPORATION, LUKE R. CORBETT, GREGORY PILCHER, ROBERT M. WOHLEBER, J. MICHAEL RAUH, THOMAS W. ADAMS, MARY MIKKELSON and MARTY J. ROWLAND,<br><br>      Defendants. | Civil Action No. 09 CV 7116 |

The Fire and Police Pension Association of Colorado ("Colorado") and the San Antonio Fire and Police Pension Fund ("San Antonio") (collectively, the "Funds") respectfully submit this memorandum of law in support of their motion (i) to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), (ii) for approval of their selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class, and (iii) for consolidation of all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

## PRELIMINARY STATEMENT

These federal securities class action lawsuits arise from allegations concerning violations of the federal securities laws by Tronox Incorporated ("Tronox" or the "Company"), its former parent company, the acquirer of its former parent company, and certain of the Company's current and former officers and directors (collectively, "Defendants").[1] As alleged in the complaints before this Court, during the period from November 28, 2005 through January 12, 2009 (the "Class Period"), Defendants caused the prices of the Company's publicly traded securities to be artificially inflated by issuing materially false and misleading statements about the Company and suppressing information about the Company that was highly material to the investing public. In particular, this action arises from numerous material undisclosed environmental, tort, and other liabilities offloaded onto public investors by the Company's former parent, Kerr-McGee, when the Company was spun-off at the outset of the Class Period. These liabilities remained undisclosed and were not fully revealed until the Company's

---

[1] Tronox itself is not named as a defendant due to its bankruptcy filing.

bankruptcy filing in January 2009.  Defendants' misstatements artificially inflated the price of Tronox securities and caused substantial damage to the Company's investors.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Colorado and San Antonio believe that they are the "most adequate plaintiff" under the PSLRA to serve as the Lead Plaintiff on behalf of investors in this action.  The Funds believe that they have the largest financial interest of any qualified movant in the relief sought in this action by virtue of, among other things, the more than $500,000 collective loss on their investment in Tronox securities.  As required by the PSLRA, copies of Certifications setting forth the transactions of Colorado and San Antonio in Tronox securities during the Class Period are attached as Exhibits A and B, respectively, to the Declaration of Gerald H. Silk (the "Silk Decl.").  The Funds also satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate class representatives with claims typical of the other Class members.  The Funds are, moreover, experienced public institutional investors favored by the PSLRA and ideally suited to carry out the duties of a Lead Plaintiff.

**FACTUAL AND PROCEDURAL BACKGROUND**

Tronox produces and markets titanium dioxide, a white pigment used in a wide range of products.  The Company was originally spun off by Kerr-McGee, which conducted the Company's initial public offering ("IPO") on November 28, 2005.  The

2

Company has three publicly traded securities, consisting of two classes of common stock (Class A and Class B), and $350 million face value of publicly traded 9 1/2% Senior Notes due 2012 (the "Notes"). Each of these securities was artificially inflated during the Class Period and all of them are the subject of actions before this Court.

As alleged in the complaints on file, this action arises from undisclosed environmental, tort, and other liabilities dating back to the spin-off and IPO. As part of a scheme to discard these liabilities while maintaining the Company's otherwise healthy assets for themselves, Defendants isolated the extensive liabilities and spun them off as Tronox, while contributing Kerr-McGee's valuable oil and gas assets to a new "clean" entity ("New Kerr-McGee"). Less than three months later, Anadarko Petroleum Corporation offered to—and ultimately did—acquire New Kerr-McGee for $18 billion.

Saddled with Kerr-McGee's undisclosed legacy liabilities, the Company was eventually forced into a series of partial corrective disclosures, revealing that its reserves for the liabilities inherited from Kerr-McGee were wholly inadequate and that it was suffering significant earnings losses related to environmental charges. The true extent of Tronox's environmental liabilities finally came to light when, on January 12, 2009, Tronox was forced to file for bankruptcy protection. Among other things, the bankruptcy proceedings revealed the existence of hundreds of instances of known environmental violations—referred to internally as "secret sites"—that had existed since well-before the spin-off and IPO, and that the Company continues to face hundreds of millions of claims related to its legacy liabilities. These revelations caused significant damage to Tronox investors, as the prices of the Company's publicly traded securities declined in response to these corrective disclosures.

The first complaint in this action—styled *Alaska Electrical Pension Fund v. Kerr-McGee Corporation, et al.*—was filed in the Southern District of New York on July 10, 2009, asserting claims on behalf of all purchasers of Tronox Class A and Class B common stock during the Class Period. A public notice of the pendency of that action, attached as Exhibit C to the Silk Decl., was published that same day. Two subsequent complaints were filed in this District, including one—styled, *Barnes v. Kerr-McGee Corporation, et al.*—that asserted claims on behalf of Class Period purchasers of all Tronox securities. Public notices of the filing of that expanded complaint, attached as Exhibit D to the Silk Decl., were published thereafter.

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). Colorado and San Antonio have satisfied this deadline by making this motion and respectfully seek appointment as Lead Plaintiff.

## ARGUMENT

### I. Colorado and San Antonio Should Be Appointed Lead Plaintiff

Colorado and San Antonio respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B); *see also In re Centerline Holding Co. Sec. Litig.*, No. 08-CV-505 (SAS), 2008

4

U.S. Dist. LEXIS 36406, at *6 (S.D.N.Y. May 5, 2008); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-98 (S.D.N.Y. 2005).

> **A.     Colorado and San Antonio Believe That They Have the Largest Financial Interest in the Relief Sought by the Class**

Colorado and San Antonio should be appointed Lead Plaintiff because they have the largest financial interest in the relief sought by the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii).  Courts generally look to four factors in determining which movant has the largest financial interest in the litigation.  These factors are (i) the number of gross purchases during the class period; (ii) the number of net purchases during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered.  *See, e.g., In re eSpeed*, 232 F.R.D. at 100; *see also Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).  In light of each of these factors, the Funds believe they have the largest financial interest in the outcome of this lawsuit.

The Funds collectively purchased 945,000 units of the Notes on a gross basis during the Class Period.  During the same period, the Funds had collective net purchases of 670,000 units of the Notes.  In addition, the Funds had total net expenditures of $601,891.26 during the Class Period.  As a result of the revelation of the defendants' misconduct, the Funds suffered approximately $514,797.96 in collective losses, whether calculated on a LIFO or FIFO basis.  Charts setting forth each of the Fund's transactions and losses in the Notes are attached as Exhibits E and F, respectively, to the Silk Decl. The magnitude of the Funds' financial interest in securities at issue in this litigation can be summarized as follows:

5

| Factor | Funds' Position |
|---|---|
| **Gross Purchases:** | 945,000 units |
| **Net Purchases:** | 670,000 units |
| **Net Expenditures:** | $601,891.26 |
| **Approximate LIFO/FIFO Loss:** | $514,797.96 |

Accordingly, the Funds believe that they have the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### B. Colorado and San Antonio Otherwise Satisfy the Requirements of Rule 23

Colorado and San Antonio should be appointed Lead Plaintiff because they also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant must only "make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *In re eSpeed*, 232 F.R.D. at 102; *see also Glauser*, 236 F.R.D. at 188. The Funds unquestionably satisfy both requirements in this case.

The Funds' claims are typical of the claims of other Class members. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002). Here, the Funds' claims arise from the very same facts and course of misconduct by the Defendants as the claims of the other Class members—*i.e.*, the artificial inflation and consequent market correction of Tronox securities caused by Defendants' fraudulent public statements and omissions. *See, e.g.*, *Glauser*, 236 F.R.D. at 188-89 (finding a Lead Plaintiff movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading

6

statements and/or omissions, and (3) suffered damages thereby."); *In re eSpeed*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim.").

Colorado and San Antonio likewise satisfy the adequacy requirement of Rule 23. The adequacy requirement is satisfied where "the class members' interests are not antagonistic to one another;" "the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. at 121. The Funds satisfy the elements of the adequacy requirement.

The Funds' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. As is the case for all Class members, the Funds have a significant interest in obtaining the maximum possible recovery from all culpable parties. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between the Funds' and the other Class members.

Given the Funds' sizeable investment and resultant financial losses, the Funds also have a strong interest in this litigation sufficient to ensure their vigorous advocacy of Class members' claims. The Funds' have likewise submitted Certifications, attached as Exhibits A and B to the Silk Decl., reflecting their understanding of the duties of a lead plaintiff and their commitment to overseeing the prosecution of the litigation.

Further, as experienced institutional investors, Colorado and San Antonio are favored as Lead Plaintiffs under the PSLRA and their appointment will help fulfill that statute's mandate. *See, e.g.,* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess.

7

(1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class"); *In re eSpeed*, 232 F.R.D. at 99 (explaining that "the PSLRA was designed to favor institutional investors.")

Finally, the Funds have demonstrated their adequacy through their selection of Bernstein Litowitz as counsel to represent the Class. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively.

## II. The Court Should Approve the Funds' Selection of Lead Counsel

The Court should approve the Funds' choice of the law firm of Bernstein Litowitz to serve as Lead Counsel. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, codified at 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval. Colorado and San Antonio have selected and retained the law firm of Bernstein Litowitz.

Bernstein Litowitz is among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country. *See, e.g.*, Bernstein Litowitz's Firm Biography, attached as Exhibit G to the Silk Decl. Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288

(DLC) (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Other examples in which courts have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include *In re Nortel Networks Corp. Securities Litigation*, No. 05-MD-1659 (LAP) (S.D.N.Y.) and *In re Refco, Inc. Securities Litigation*, No. 05-CV-8626 (GEL) (S.D.N.Y.). Accordingly, the Court should approve the Funds' selection of Bernstein Litowitz as Lead Counsel for the Class.

### III.     The Related Actions Should be Consolidated

There are three securities class action complaints pending in the Southern District of New York on behalf of investors in Tronox securities:

| **Case Number** | **Abbreviated Case Name** | **Date Filed** |
| --- | --- | --- |
| 09-CV-6220 | *Alaska Electrical Pension Fund v. Kerr-McGee Corporation, et al.* | July 10, 2009 |
| 09-CV-6490 | *Shi v. Kerr-McGee Corporation, et al.* | July 21, 2009 |
| 09-CV-7116 | *Barnes v. Kerr-McGee Corporation, et al..* | August 12, 2009 |

These actions present virtually identical factual and legal issues, as they all arise out of the same alleged misstatements regarding Tronox. Accordingly, consolidation is appropriate here. *See, e.g., In re Centerline Holding Co. Sec. Litig.*, No. 08-CV-505 (SAS), 2008 U.S. Dist. LEXIS 36406, at *9 ("I find that the Securities Actions are based on a common set of operative facts. Litigation of these actions will require resolution of common questions of law and of fact. Consolidation is therefore appropriate."); *Glauser*, 236 F.R.D. at 186 ("[T]his Court has recognized that consolidation is particularly

9

appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.") (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Colorado and San Antonio respectfully request that the Court: (i) appoint the Funds as Lead Plaintiff pursuant to the PSLRA; (ii) approve their selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: September 8, 2009                Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ Gerald H. Silk
Gerald H. Silk
Noam Mandel
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
(212) 554-1400
jerry@blbglaw.com
noam@blbglaw.com

*Counsel for Fire and Police Pension Association of Colorado and San Antonio Fire and Police Pension Fund and Proposed Lead Counsel for the Class*