UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALASKA ELECTRICAL PENSION FUND, on Behalf of Themselves and All Others Similarly Situated, | : : : : | Civil Action No. 1:09-cv-06220-SAS <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| KERR-MCGEE CORPORATION, et al., | : : | |
| Defendants. | : : | |
| OLIVER SHI, on Behalf of Himself and All Others Similarly Situated, | : : : | Civil Action No. 1:09-cv-06490-SAS <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| KERR-MCGEE CORPORATION, et al., | : : | |
| Defendants. | : : | |
| MONTI BARNES, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:09-cv-07116-SAS <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| KERR-MCGEE CORPORATION, et al., | : : | |
| Defendants. | : : | |

**CORRECTED** MEMORANDUM OF LAW IN SUPPORT OF ALASKA ELECTRICAL
PENSION FUND'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

## TABLE OF AUTHORITIES

**Page**

I. INTRODUCTION ..........................................................................................................1

II. FACTUAL BACKGROUND ........................................................................................3

III. ARGUMENT ..................................................................................................................4

    A. The Related Actions Should Be Consolidated .......................................................4

    B. Alaska Should Be Appointed Lead Plaintiff ...........................................................4

        1. Notice Was Properly Published ..................................................................4

        2. Alaska Possesses the Largest Financial Interest in the Relief Sought by the Class .......................................................................................5

        3. Alaska Meets the Requirements of Rule 23 ................................................5

            a. Alaska's Claims Are Typical of the Claims of the Class.................6

            b. Alaska Will Fairly and Adequately Represent the Interests of the Class........................................................................................6

    C. The Court Should Approve Alaska's Selection of Coughlin Stoia as Lead Counsel .....................................................................................................................7

IV. CONCLUSION................................................................................................................8

Proposed lead plaintiff Alaska Electrical Pension Fund ("Alaska" or "Movant") respectfully submits this memorandum of law in support of its motion for: (i) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointment as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) approval of lead plaintiff's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel for the class.[1]

## I.  INTRODUCTION

Presently pending in this district are three securities class action lawsuits (the "Related Actions") brought on behalf of all purchasers of Tronox Incorporated ("Tronox" or "the Company") common stock (Class A or Class B) between November 28, 2005 and January 12, 2009, inclusive (the "Class Period"), seeking to pursue remedies for violations of the federal securities laws:[2]

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Alaska Electrical Pension Fund et al v. Kerr-McGee Corp., et al.* | 1:09-cv-06220 | July 10, 2009 |
| *Shi v. Kerr-McGee Corp., et al.* | 1:09-cv-06490 | July 21, 2009 |
| *Barnes v. Kerr-McGee Corp., et al.* | 1:09-cv-07116 | August 12, 2009 |

The Related Actions assert claims against Kerr-McGee Corporation ("Kerr-McGee"), Anadarko Petroleum Corporation ("Anadarko"), and certain of defendants' and Tronox's officers,

---

[1] This corrected memorandum is being filed solely to remedy a clerical error concerning Alaska's financial interest located on page 5 at lines 3-4 of the original memorandum. This corrected memorandum conforms to Alaska's financial interest as set forth in its certification and loss chart. *See* Rosenfeld Decl., Exs. A-B.

[2] Tronox is not named as a defendant in this action as it filed for bankruptcy protection on January 12, 2009. This case concerns a fraudulent scheme to conceal Tronox's massive environmental and other liabilities. *See Alaska Electrical Pension Fund, et al. v. Kerr-McGee Corp., et al.*, Civ. No. 1:09-cv-06220, Class Action Complaint filed July 10, 2009, ¶2.

directors and/or insiders for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, as discussed below, the Related Actions should be consolidated because they each involve similar issues of law and fact.

As soon as practicable after consolidation, the Court is to appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B). Here, Alaska should be appointed as lead plaintiff because it: (1) timely filed a motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or groups of persons of which it is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Declaration of David A. Rosenfeld in Support of Alaska Electrical Pension Fund's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

In addition, Alaska's selection of Coughlin Stoia to serve as lead counsel should be approved because Coughlin Stoia possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members. *See* Rosenfeld Decl., Ex. D.

## II.     FACTUAL BACKGROUND[3]

Tronox was spun-off from Kerr-McGee in a two-step transaction. In November 2005, Kerr-McGee sold 17.5 million shares of Tronox Class A shares in an initial public offering for $14.00 per share (the "IPO") generating proceeds for Kerr-McGee of $225 million. After the IPO, Kerr-McGee continued to hold 56.7% of Tronox's outstanding common stock. In March 2006, Kerr-McGee distributed the balance of the shares that it owned as Class B shares to its shareholders as a dividend (the "Spin-Off").

Unbeknownst to investors, at the time of the IPO, defendants knowingly understated the scope of Tronox's environmental and tort liabilities. The registration statement (the "Registration Statement"), and prospectus incorporated therein, did not disclose these adverse facts and contained numerous materially false and misleading statements. Tronox has alleged in the Adversary Proceeding that the Registration Statement was materially false and misleading as it materially understated the Company's liabilities. Throughout the Class Period, defendants continued to conceal the true scope and extent of Tronox's environmental and tort liabilities in numerous earnings press releases and SEC filings.

Ultimately, the market began to learn what defendants knew all the time, Tronox's environmental and tort liabilities were far greater than had been represented and, as a result, the Company's financial condition was worsening and it would need to seek the protection of the bankruptcy laws. Unfortunately for investors, by this time Tronox stock had been rendered virtually worthless.

---

[3]     All factual allegations taken from the *Alaska Electrical Pension Fund* Class Action Complaint.

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation* §20.123, at 13-14 (3d ed. 1995).

Here, the Related Actions present virtually identical factual and legal issues – each alleges violations of §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 and each names the same defendants. Thus, consolidation is appropriate.

#### B. Alaska Should Be Appointed Lead Plaintiff

##### 1. Notice Was Properly Published

The PSLRA requires plaintiffs in securities class actions to promptly publish notice advising class members of the pendency of the action and of their right to move within 60 days of publication of the notice to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Where, like here, multiple actions are brought on behalf of a class asserting substantially the same claims, only the plaintiff in the first-filed action must publish notice. 15 U.S.C. §78u-4(a)(3)(A)(ii).

On July 10, 2009, Alaska, the plaintiff in the first-filed action caused notice to be published over *Business Wire*. Rosenfeld Decl., Ex. C. That notice advised class members of the existence of a shareholder class action lawsuit against Kerr-McGee and the other defendants, the claims asserted therein, the Class Period and their right to move for lead plaintiff. This Motion is timely filed within 60 days from the publication of that notice, and, hence, 15 U.S.C. §78u-4(a)(3)(A)(i) is satisfied.

### 2. Alaska Possesses the Largest Financial Interest in the Relief Sought by the Class

No later than 60 days after the notice is published, any member of the class may move the Court to serve as lead plaintiff of the class. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). The PSLRA's "most adequate plaintiff" provision instructs the Court to adopt a rebuttable presumption that:

> [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> \* \* \*
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class[.]

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Alaska, with a loss of over $1.165 million in connection with its purchase of over 88,100 shares of Tronox stock, has the largest financial interest in the relief sought in this case of any class member who has filed a complaint or sought appointment as lead plaintiff in this matter. *See* Rosenfeld Decl., Exs. A-B.

### 3. Alaska Meets the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides that, in addition to possessing a significant financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of class representatives, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23. As detailed below, Alaska satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed lead plaintiff.

### a.     Alaska's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representative and the class members because it is the generalized nature of the claims asserted which determines whether the class representative is typical. The requirement that the proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical.

Here, Alaska is typical because, just like all other class members, it purchased Tronox stock during the Class Period and suffered damages thereby. *See* Rosenfeld Decl., Ex. A. Thus, Alaska's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b.     Alaska Will Fairly and Adequately Represent the Interests of the Class

Under Fed. R. Civ. P. 23(a)(4) a representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: (1) "'class counsel is qualified, experienced, and generally able to conduct the litigation;'" and (2) "the class representatives have no interests that are antagonistic to the proposed class members and that the representatives will vigorously prosecute the action." *Finch v. N.Y. State Office of Children & Family Servs.*, 252 F.R.D. 192, 198 (S.D.N.Y. 2008) (citation omitted). Here, Alaska is adequate because its interests are aligned with the interests of the class. Furthermore, there is no evidence of antagonism between Alaska and the class and it has certified to its willingness to serve as a class representative.

Rosenfeld Decl., Ex. A.  In addition, as shown below, Alaska's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

### C. The Court Should Approve Alaska's Selection of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Alaska has selected Coughlin Stoia to serve as lead counsel.  *See* Rosenfeld Decl., Ex. D.  Coughlin Stoia "has been praised for the quality of its representation by several judges in various parts of the country."  *In re Orion Sec. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *17 (S.D.N.Y. 2008) (Sullivan, J.); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) ("The experience, ability, and reputation of the attorneys of Coughlin Stoia is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country.").  As such, the Court should "find[] that Coughlin Stoia is well qualified to serve as lead counsel in this matter." *Orion*, 2008 U.S. Dist. LEXIS 55368, at *18; *see also Borochoff v. Glaxosmithkline plc*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (Stanton, J.) (approving institutional investor's selection of Coughlin Stoia as lead counsel).  Accordingly, Alaska's selection of Coughlin Stoia as lead counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, Alaska respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Alaska as Lead Plaintiff; and (3) approve its selection of Coughlin Stoia to serve as Lead Counsel.

DATED: September 9, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
JARRETT S. CHARO


s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
BRIAN O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Tronox\Lead Plantiff\BRF00061644_LP_Corrected.doc

CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

| | |
|---|---|
| D. Seamus Kaskela | Curtis V. Trinko |
| David M. Promisloff | Wai K. Chan |
| Steven D. Resnick | Law Offices of Curtis V. Trinko LLP |
| Barroway Topaz Kessler Meltzer & Check, LLP | 16 West 46th Street, Seventh Floor |
| 280 King of Prussia Road | New York, NY  10036 |
| Radnor, PA  19087 | |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 8, 2009.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@csgrr.com

# Mailing Information for a Case 1:09-cv-06220-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jay B. Kasner**
  jkasner@skadden.com

- **Gregory Mark Nespole**
  nespole@whafh.com

- **Matthew David Parrott**
  m.parrott@kattenlaw.com

- **Daniel Brett Rehns**
  drehns@cohenmilstein.com,tgraham@cohenmilstein.com,efilings@cohenmilstein.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com,jcharo@csgrr.com

- **Susan Leslie Saltzstein**
  ssaltzst@skadden.com

- **Gerald Harlan Silk**
  jerry@blbglaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Joni S. Jacobsen
```
Katten, Muchin, Zavis
525 West Monroe Street
Suite 1600
Chicago, IL 60661

```
David H. Kistenbroker
```
Katten Muchin Rosenman LLP (Chicago)
525 West Monroe Street
Chicago, IL 60661