**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, on Behalf of Themselves and All Others Similarly Situated; | No. 09-CV-6220-SAS |
| | ECF CASE |
| Plaintiff, | |
| v. | |
| KERR-MCGEE CORPORATION, ANADARKO PETROLEUM CORPORATION, LUKE R. CORBETT, GREGORY PILCHER, ROBERT M. WOHLEBER, J. MICHAEL RAUH, THOMAS W. ADAMS, MARY MIKKELSON, and MARTY J. ROWLAND, | |
| Defendants. | |

[caption continues on next page]

**THE LaGRANGE PARTNERSHIPS' MEMORAUNDUM OF LAW IN
OPPOSITION TO MOTIONS SEEKING APPOINTMENT AS LEAD
PLAINTIFF AND IN FURTHER SUPPORT OF THEIR MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD
AND LIAISON COUNSEL AND CONSOLIDATION OF RELATED ACTIONS**

#121443

| | |
|---|---|
| OLIVER SHI, on Behalf of Himself and All Others Similarly Situated; | No. 09-CV-6490-SAS |
| Plaintiff, | |
| v. | |
| KERR-MCGEE CORPORATION, ANADARKO PETROLEUM CORPORATION, LUKE R. CORBETT, GREGORY PILCHER, ROBERT M. WOHLEBER, J. MICHAEL RAUH, THOMAS W. ADAMS, MARY MIKKELSON, and MARTY J. ROWLAND, | |
| Defendants. | |
| MONTI BARNES, Individually and on Behalf of All Others Similarly Situated; | No. 09-CV-7116-SAS |
| Plaintiff, | |
| v. | |
| KERR-MCGEE CORPORATION, ANADARKO PETROLEUM CORPORATION, LUKE R. CORBETT, GREGORY PILCHER, ROBERT M. WOHLEBER, J. MICHAEL RAUH, THOMAS W. ADAMS, MARY MIKKELSON, and MARTY J. ROWLAND, | |
| Defendants. | |

#121443

LaGrange Capital Partners, LP and LaGrange Capital Partners Offshore Fund, Ltd. (jointly the "LaGrange Partnerships") respectfully submit this memorandum in opposition to the competing motions for appointment as lead plaintiff. For the reasons discussed below, the LaGrange Partnerships should be appointed.

## I.    PRELIMINARY STATEMENT

Four movants filed papers seeking appointment as lead plaintiff: (1) the LaGrange Partnerships; (2) the Alaska Electrical Pension Fund; (3) the Fire and Police Pension Association of Colorado and the San Antonio Fire and Police Pension Fund; and (4) Oliver Shi.[1] The submissions show that the LaGrange Partnerships have by far the largest financial interest in this litigation among the movants. The LaGrange Partnerships are two related investment partnerships with losses of approximately **$7.6 million** from their class period transactions in Tronox Inc. ("Tronox") Class A and B common stock. The losses of the LaGrange Partnerships are four (4) and a half times larger than those of all other competing movants **combined**:

| Movant | Approximate Losses as Calculated By Each Movant |
|---|---|
| LaGrange Partnerships | **$7,640,434.56** |
| Alaska Electrical Pension Fund | $1,165,906.35 |
| Fire and Police Pension Association of Colorado and San Antonio Fire and Police Pension Fund | $514,797.96 |

LaGrange Capital Partners, LP alone has losses of $5.8 million, nearly five (5) times larger than that of any competing movant. The LaGrange Partnerships, which have sustained enormous losses, are precisely the type of lead plaintiff that Congress envisioned in complex securities class action lawsuits.

The LaGrange Partnerships also have made the requisite "preliminary showing" of

---

[1]    Oliver Shi has withdrawn his application for Lead Plaintiff. Docket No. 32.

typicality and adequacy under Rule 23, Fed.R.Civ.P., as provided in the Private Securities

Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(b).  The claims of the

LaGrange Partnerships are "typical" of the claims of the members of the class, as they arise out

of the same course of events and are predicated on the same legal theories as the claims of all

class members.  The LaGrange Partnerships satisfy the adequacy requirement because their

interests are aligned with those of the other class members.  In addition, the LaGrange

Partnerships have retained counsel, Gold Bennett Cera & Sidener LLP, who have proven

experience in successfully prosecuting securities class actions, and who are supported by able

and effective liaison counsel, Cohen Milstein Sellers & Toll PLLC.

The presumption in favor of the LaGrange Partnerships can be rebutted only upon

"proof" that they "(aa) will not fairly and adequately protect the interest of the class; or (bb) [are]

subject to unique defenses that render such plaintiff incapable of adequately representing the

class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Because no other movant can present such proof, the

LaGrange Partnerships should be appointed as Lead Plaintiff and their selection of counsel

should be approved.[2]

## II.    ARGUMENT

### A.    The LaGrange Partnerships Have The Largest Financial Interest

Pursuant to the PSLRA, this Court "shall appoint as lead plaintiff the member or

members of the purported plaintiff class that the court determines to be most capable of

adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  The

---

[2]    Pursuant to Rule 42(a), Fed.R.Civ.P., all of the above captioned cases should be consolidated because they share numerous factual and legal issues and name overlapping defendants.  *See in re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).  All movants agree that consolidation of these actions is appropriate.

PSLRA creates a presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii). Thus, the movant with "the greatest financial stake is the pivotal factor under the PSLRA" when appointing a lead plaintiff. *Reimer v. Ambac Fin. Group, Inc.*, No. 08- 411, 2008 WL 2073931, at *2 (S.D.N.Y. May 9, 2008); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

Courts in the Second Circuit routinely consider the following four factors to determine which movant has the "largest financial interest": (1) the total number of shares purchased; (2) the net number of shares purchased; (3) the net funds expended by the movant to acquire those securities; and (4) the approximate losses suffered by the movant. *See, e.g., Baydale v. American Exp. Co.,* No. 09-3016, 2009 WL 2603140, at *2 (S.D.N.Y. Aug 14, 2009); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007); *Vladimir v. Bioenvision*, No. 07-6416, 2007 WL 4526532 at * 4 (S.D.N.Y. Dec. 21, 2007); *Fuwei Films*, 247 F.R.D. at 436-37; *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004). Most courts consider the fourth factor – approximate losses suffered – to be the most important in making the lead plaintiff determination. *See, e.g., In re Orion Sec. Litig.*, No. 08-1238, 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) ("This Court, like many others, 'shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant.'") (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)); *Fuwei Films*, 247 F.R.D. at 437 (same*); see also Vladimir*, 2007 WL 4526532, at *5.

This Court has recognized that a LIFO ("last in – first out") calculation best measures a movant's relative loss. *See, e.g.*, *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y.

2005) (Scheindlin, J.) (stating "courts have preferred LIFO and have 'generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases.'") (citing *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 378-79 (E.D. Va. 2003)); *Vladimir*, 2007 WL 4526532, at *5 (noting that "[m]any courts favor the LIFO method to calculate the financial stake of movants for lead plaintiff status in securities class actions."). Applying the four factor test and the LIFO analysis, the LaGrange Partnerships have the largest financial interest of any lead plaintiff applicant:

| Movant | Approximate Losses | Gross Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| LaGrange Partnerships | $7,640,434.56[3] | 2,143,952 | 1,282,135 | $7,688,697.63 |
| Alaska Electrical Pension Fund | $1,165,906.35[4] | 88,102 | 88,102[5] | $1,165,906.35 |
| Fire and Police Pension Association of Colorado and San Antonio Fire and Police Pension Fund | $514,797.96[6] | not applicable | not applicable | $864,953.76 |

The losses of the LaGrange Partnerships far exceed those of the Alaska Electrical Pension Fund, the movant claiming the next largest loss.

Furthermore, Second Circuit law is clear that a single lead plaintiff should be appointed to represent the interests of all investors. *See Hevesi v. Citigroup Inc.*, 366 F.3d 82-83 and n.13 (2d Cir. 2004); *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2003)

---

[3]     These losses are calculated pursuant to the LIFO methodology.

[4]     These are the losses as calculated by the Alaska Electrical Pension Fund; however, it is not indicated what method was utilized.

[5]     Exhibits A and B to the Declaration of David A. Rosenfeld (Docket No. 25) appear to indicate that Alaska's entire position was sold at the end of the Class Period on January 12, 2009. However, footnotes appearing in Exhibit B to Mr. Rosenfeld's declaration suggest that Alaska's Tronox shares were in fact held through at least April 12, 2009. These submissions are inconsistent at best; however, because the LaGrange Partnerships' net shares purchased dwarf those of Alaska, whatever the facts are regarding Alaska's transactions do not alter the conclusion that the LaGrange Partnerships sustained the largest loss.

[6]     These entities purchased bonds and not Class A or Class B common shares.

(Scheindlin, J.).  Pursuant to a lead plaintiff's responsibility to ensure adequate representation for all securities purchasers in the litigation going forward, counsel to the LaGrange Partnerships have conferred with counsel to the Colorado and San Antonio pension funds, which purchased exclusively Tronox bonds.  Counsel have agreed that, if LaGrange is appointed lead plaintiff, the bond purchasers will be identified as named plaintiffs and class representatives in a consolidated amended complaint and that bond purchasers' counsel will work in conjunction with and under the authority of LaGrange's counsel in pursuing all appropriate claims.

**B.     The LaGrange Partnerships Satisfy The Typicality And Adequacy Requirements Of Rule 23**

Once a court "identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-02 (S.D.N.Y. 2004) (quoting *Cavanaugh*, 306 F.3d at 732).  The additional statutory requirements are that the movant with the largest financial interest preliminarily satisfy the adequacy and typicality requirements of Rule 23(a)(3) and (4).  *Rozenboom v. Van Der Moolen Holding*, *N.V.*, No. 03-8284, 2004 WL 816440, at *5-6 (S.D.N.Y. Apr. 14, 2004); *Shi v. Sina Corp.*, Nos. 05-2154, 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005) (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)) ("typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA.").  At the lead plaintiff appointment stage, "[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."  *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citing, *e.g., In re Crayfish Co. Sec. Litig.*, No. 00-6766, 2002 WL 1268013 at *4 (S.D.N.Y. June 6, 2002)).  "In fact, a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the

litigation] and should be left for consideration of a motion for class certification." *Vladimir*, 2007 WL 4526532, at *6 (citing *Weinberg*, 216 F.R.D. at 252 (internal quotations and brackets omitted)).

"Typicality is established where the claims of the Lead Plaintiff arise form the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 188-189 (S.D.N.Y. 2006) (citing *Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)); *see also In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 452 (S.D.N.Y. 2004). "'[T]he Lead Plaintiff's claims do not have to be identical to the other class members' claims.'" *Vladimir*, 2007 WL 4526532, at *7 (quoting *Weinberg*, 216 F.R.D. at 253). The LaGrange Partnerships easily satisfy these requirements because, like all class members, they (1) purchased Tronox securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages upon revelation of the fraud. Thus, the LaGrange Partnerships' claims are typical within the meaning of Rule 23(a)(3). *See Vladimir*, 2007 WL 4526532, at *7.

The LaGrange Partnerships also preliminarily satisfy the adequacy requirement of Rule 23(a)(4). "The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan,* 240 F.R.D. at 94 (citations omitted).

As the LaGrange Partnerships' Certificate of Plaintiff shows, they are willing to serve as

representative parties on behalf of the class. *See* Exhibit B to the Declaration of Thomas C. Bright In support Of Motion Of LaGrange Partnerships For: (1) Consolidation Of Related Cases; (2) Appointment As Lead Plaintiff; and (3) Approval of Selection Of Lead Counsel And Liaison Counsel For The Class ("Bright Dec."). Docket No. 19. The LaGrange Partnerships have a substantial financial stake in the litigation, thereby establishing that they have a clear interest in prosecuting the class claim vigorously. *See Pirelli*, 229 F.R.D. at 413. Additionally, the LaGrange Partnerships have selected counsel – Gold Bennett Cera & Sidener LLP as lead counsel and Cohen Milstein Sellers & Toll PLLC as liaison counsel – who possess the requisite skill and experience to prosecute this action effectively and efficiently. The LaGrange Partnerships "possess sufficient interest to pursue vigorous prosecution of their claims," and GBCS and CMST are sufficiently "qualified, experienced, and generally able to conduct the litigation." *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004). Accordingly, the adequacy of representation requirement is satisfied at this stage of the proceedings.

The LaGrange Partnerships consist of two investment partnerships managed by the same general partner. The general partner executed the Certificate of Plaintiff on behalf of the partnerships. The LaGrange Partnerships are the type of sophisticated institutional investors favored by Congress in enacting the PSLRA to serve as lead plaintiff. *See Ferrari v. Impath, Inc.*, No. 03-5667, 2004 WL 1637053, at *3 (S.D.N.Y. July 20, 2004). As such, the LaGrange Partnerships are appropriate lead plaintiffs.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, the LaGrange Partnerships respectfully request that the Court: (1) consolidate all related actions; (2) appoint the LaGrange Partnerships as lead plaintiff pursuant to the PSLRA; and (3) approve their selection of the law firm of Gold Bennett Cera & Sidener LLP as lead counsel and Cohen Milstein Sellers & Toll PLLC as liaison counsel for the Class.

Dated: September 21, 2009

Respectfully submitted,

**GOLD BENNETT CERA & SIDENER LLP**

By: /s/Solomon B. Cera
Solomon B. Cera (scera@gbcslaw.com)
(Admitted *Pro Hac Vice*)
Thomas C. Bright (tbright@gbcslaw.com)
(Admitted *Pro Hac Vice*)
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: ( 415) 777-2230
Fax: (415) 777-5189

Attorneys for LaGrange Partnerships
Proposed Lead Counsel for the Class

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Christopher Lometti (clometti@cohenmilstein.com)
Daniel B. Rehns (drehns@cohenmilstein.com)
150 East 52nd Street, 30th Floor
New York, NY 10022
Tel: (212) 838-7797
Fax: (212) 838-7745

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (stoll@cohenmilstein.com)
1100 New York Ave, Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

Proposed Liaison Counsel