# EXHIBIT B

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE TRONOX, INC. ) <br> SECURITIES LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> ALL CLASS ACTIONS ) <br> _____ ) | Civil Action No. 09-CV-06220-SAS <br><br> Electronically filed |

## FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Lead Plaintiffs LaGrange Capital Partners, LP and LaGrange Capital Partners Offshore Fund, Ltd. (collectively, "Lead Plaintiffs"), Named Plaintiff The Fire and Police Pension Association of Colorado and Named Plaintiff The San Antonio Fire and Police Pension Fund (collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Class (defined below); and Defendants Thomas W. Adams, Marty J. Rowland, Mary Mikkelson, (the "Tronox Individual Defendants"); Robert M. Wohleber, J. Michael Rauh, Luke R. Corbett, and Gregory F. Pilcher (the "Kerr-McGee Individual Defendants"); Kerr-McGee Corporation ("Kerr-McGee"); Anadarko Petroleum Corporation ("Anadarko"); and Ernst & Young LLP ("E&Y") (the Tronox Individual Defendants, Kerr-McGee Individual Defendants, Kerr-McGee, Anadarko, and E&Y are collectively referred to as the "Defendants" and collectively with Plaintiffs, as the "Parties") have entered into a Stipulation and Agreement of Settlement dated August 3, 2012 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against Defendants on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2012 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement, and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2012 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents:** This Final Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 3, 2012; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2012.

3.  **Class Certification for Settlement Purposes:** The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons or entities who purchased or otherwise acquired shares of Tronox Class A and/or Class B common stock ("Tronox Common Stock") and/or 9½% senior notes due 2012 ("Tronox Bonds") (collectively "Tronox Securities") during the period from November 21, 2005 through and including January 12, 2009 (the "Class Period") and who were damaged thereby (the "Class"). Excluded from the Class are the following persons or entities: (a) Defendants and Tronox; (b) the parents, successors, subsidiaries, affiliates and assigns of any Defendant or of Tronox; (c) members of the Immediate Family of each of the Individual Defendants; (d) any person who was a partner of E&Y or an officer or director of Tronox, Kerr-McGee or Anadarko during the Class Period; and (e) any firm, trust, corporation, or other entity in which any of the Defendants has a controlling interest or had a controlling interest during the Class Period. [Also excluded from the Class are the persons and entities listed on Exhibit A hereto who, pursuant to request, are excluded from the Class.]

4.  **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Class and appointing Lead Counsel as Class Counsel for the Class. Plaintiffs and Lead Counsel have fully and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the releases provided for therein, including the release of the Settled Claims (as defined in Paragraph 1(qq) of the Stipulation) as against the Released Parties (as defined in Paragraph 1(oo) of the Stipulation), and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiffs and the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Action and all of the claims against the Defendants by Plaintiffs and Class Members are hereby dismissed with prejudice, as of the Effective Date. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases:** The releases as set forth in Paragraphs 8, 9 and 10 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) Each of the Plaintiffs and all other Class Members, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, directors, investors and agents in their capacity as such, will release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties, whether or not the Plaintiffs or Class Members execute and deliver a Proof of Claim Form to the Claims Administrator;

(b) Each of the Defendants and each of the other Released Parties, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such, will release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every Released Claim

Against Plaintiffs as against (i) all Plaintiffs and their respective attorneys, (ii) any other Class Member, and (iii) each of the foregoing individuals' and/or entities' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such; and

(c) Each of the Defendants, and each of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors and agents in their capacity as such, will release as against any of the other Defendants and each of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors and agents in their capacity as such all claims (including but not limited to claims for contribution and indemnity), and causes of action, whether known or unknown, whether direct, derivative, individual, representative, or in any other capacity, arising under federal, state, local or foreign statutory or common law or any other law, rule or regulation that arise out of or are in any way related to the allegations, transactions, facts, matters or occurrences underlying the claims set forth or referred to in the First Amended Complaint or the AP, except for claims relating to the enforcement of the Settlement.  Nothing herein shall release, prejudice, waive, impact or impair the rights of Anadarko to assert additional claims or defenses against Tronox in the AP. Moreover, nothing herein shall release, prejudice, waive, impact or impair the rights of any of the Company Defendants to seek insurance coverage under their respective insurance policies in accordance with the terms of such policies; however, subject to the insurance carriers' payment of their respective portions of the Anadarko Settlement Payment and the Tronox Settlement Payment and the occurrence of the Effective Date, none of the Company Defendants or their insurance carriers will seek to recover any funds contributed to the Anadarko Settlement Payment and the Tronox Settlement Payment (or spent in connection with the Settlement or the

claims released herein, including defense costs) from any of the other Company Defendants' insurance carriers or otherwise seek to modify the pro rata contributions of each insurance tower to the Anadarko Settlement Payment and the Tronox Settlement Payment. Finally, nothing herein shall release, prejudice, waive, impact, or impair the rights and obligations of the Kerr-McGee Individual Defendants and Kerr-McGee under the Kerr-McGee bylaws.

10. **Bar Order:** In accordance with the PSLRA, as codified at 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled Claims (a) by any person or entity against any of the Released Parties, and (b) by any of the Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (a) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution, and (b) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such claim for contribution; (c) except that nothing herein shall release, prejudice, waive, impact, or impair the rights and obligations of the Kerr-McGee Individual Defendants and Kerr-McGee under the Kerr-McGee bylaws. In accordance with 15 U.S.C. §78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity based upon or arising out of any Settled Claim for which such person or entity and any Released Parties are found to be jointly liable shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of any such Released Party for common damages or (b) the amount paid to the Class by or on behalf of each such Released Party for common damages.

11.   **Rule 11 Findings:**  The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

12.   **No Admissions:**  Neither this Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, proceedings or agreements connected therewith, nor any matters arising in connection with the settlement negotiations, proceedings, or agreement:

(a)   shall be offered or received against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Lead Plaintiffs and/or Named Plaintiffs or the validity of any claim that was or could have been asserted against any of the Defendants in this Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b)   shall be offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants, or against any of the Lead Plaintiffs, any of the Named Plaintiffs or any other Class Members as evidence of any infirmity in the claims of the Lead Plaintiffs, Named Plaintiffs or the other Class Members;

(c)   shall be offered or received against any of the Defendants, or against any of the Lead Plaintiffs, any of the Named Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, or against any of the Lead Plaintiffs, any of the Named Plaintiffs or any other Class Members, in any other civil, criminal

or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Defendants, Lead Plaintiffs, Named Plaintiffs and any other Class Member may refer to the Stipulation to effectuate the protection from liability granted thereunder or otherwise to enforce the terms of the Settlement;

(d) shall be construed against any Defendant, any Lead Plaintiff, any Named Plaintiff or any other Class Member as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; nor

(e) shall they be construed as or received in evidence as an admission, concession or presumption against any Lead Plaintiff, any Named Plaintiff or any other Class Member that any of their claims are without merit or that damages recoverable under the First Amended Complaint would not have exceeded the Settlement Amount.

13. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Total Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Total Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of Settlement Agreement:** Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Final Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation. If the Effective Date does not occur with respect to only the settlement with the Company Defendants or only the settlement with E&Y, then this Final Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect only with respect to those defendant(s) as to whom or which the Settlement was terminated, as provided in the Stipulation.

17. **Entry of Final Judgment:** There is no just reason to delay entry of this judgment as a final judgment as against Defendants. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against Defendants.

SO ORDERED this _____ day of _____, 2012.

_____
The Honorable Shira A. Scheindlin
United States District Judge

# 660581