# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TRONOX, INC.<br>SECURITIES LITIGATION | ) Civil Action No. 09-CV-06220-SAS<br>)<br>)<br>) Electronically Filed<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO<br>ALL CLASS ACTIONS | )<br>)<br>) |

**DECLARATION OF SOLOMON B. CERA ON BEHALF OF**
**GOLD BENNETT CERA & SIDENER LLP IN SUPPORT OF PLAINTIFFS'**
**COUNSEL'S MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

#126423

I, Solomon B. Cera, under penalty of perjury, declares as follows:

1.      I was admitted to practice in this Court *pro hac vice* for purposes of this litigation. ECF No. 30.  I am an attorney at law and a partner at Gold Bennett Cera & Sidener LLP, Class Counsel herein.  I submit this declaration in support of Plaintiffs' Counsel's application for an award of attorneys' fees in connection with services rendered in the above-captioned action (the "Action") from inception through September 30, 2012 (the "Time Period"), as well as for reimbursement of expenses incurred by my firm in connection with the Action.

2.      My firm was approved as Lead Plaintiffs' Counsel by the Court's October 13, 2009 Order (ECF No. 51) and was appointed as Class Counsel by the Order Preliminarily Approving Proposed Settlement and Providing for Notice ¶3 (ECF No. 188).  My firm has been involved in all aspects of the prosecution and resolution of this Action, as described in detail in the accompanying Joint Declaration of Solomon B. Cera and Hannah G. Ross and the memoranda submitted in support of the Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Class Representatives' Request for Reimbursement of Costs and Expenses.

3.      The schedule attached hereto as Exhibit 1 is a summary indicating the amount of time spent by each attorney and professional support staff of my firm who was involved in the prosecution and settlement of the Action during the Time Period, and the lodestar calculation based on my firm's current billing rates.  For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the

Court.  Time expended in preparing the application for fees and reimbursement of expenses has not been included in this request.

4.      The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted in other securities or shareholder litigation.

5.      The total number of hours expended on this Action by my firm during the Time Period is 8,244.75.  The total lodestar for my firm for that period is $4,774,868.75.

6.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in the schedule attached hereto as Exhibit 2, my firm has incurred a total of $1,523,343.12 in unreimbursed expenses in connection with the prosecution of this Action during the Time Period.

8.      The expenses incurred in this Action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 15, 2012.

_____
Solomon B. Cera

**EXHIBIT 1**
**GOLD BENNETT CERA & SIDENER LLP**

*In re Tronox, Inc. Securities Litigation*

**LODESTAR REPORT**

Reporting Period: Inception through September 30, 2012

| Name/Designation | HOURLY RATE | HOURS | LODESTAR |
|---|---|---|---|
| **ATTORNEYS** | | | |
| S.B. Cera | 750.00 | 2,284.50 | 1,713,375.00 |
| G.R. Giblin | 625.00 | 325.75 | 203,593.75 |
| T.C. Bright | 600.00 | 3,578.25 | 2,146,950.00 |
| C.A. Dirksen | 600.00 | 365.75 | 219,450.00 |
| L.A. Kessler | 400.00 | 779.75 | 311,900.00 |
| | | | |
| **PARALEGALS** | | | |
| J.R. Leibee | 200.00 | 808.75 | 161,750.00 |
| D.P. Dickie | 175.00 | 102.00 | 17,850.00 |
| **TOTAL** | | **8,244.75** | **$4,774,868.75** |

**EXHIBIT 2**

**GOLD BENNETT CERA & SIDENER LLP**

*In re Tronox, Inc. Securities Litigation*

**EXPENSE REPORT**

Reporting Period: Inception through September 30, 2012

| Expense Description | Amount ($) |
|---|---:|
| Arbitrator/Mediator/Referee | 66,639.98 |
| Commercial Copies | 846.55 |
| In-House Duplicating | 47,629.50 |
| Filing Fees & Service of Process | 89.32 |
| Court Reporters & Transcripts | 10,361.12 |
| Electronic Discovery Vendor | 45,362.82 |
| Computer Research | 48,765.41 |
| Telephone/Fax | 10,974.82 |
| Postage, Messenger, Courier & Overnight Mail | 5,210.52 |
| Expert Witness Fees | 859,880.00 |
| Investigator Fees | 28,250.00 |
| Bankruptcy Counsel | 340,278.47 |
| Travel: Air Transportation, Ground Travel, Meals, Hotels & Transportation | 58,259.61 |
| Clerical Overtime | 795.00 |
| | |
| | |
| | |
| **TOTAL** | **$ 1,523.343.12** |