**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TRONOX, INC.<br>SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>ALL CLASS ACTIONS | )  Civil Action No. 09-CV-06220-SAS<br>)<br>)<br>)  Electronically Filed<br>)<br>)<br>)<br>)<br>) |

**LEAD PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF (A) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (B) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND CLASS REPRESENTATIVES' REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES**

#126537

Lead Plaintiffs LaGrange Capital Partners, LP and LaGrange Capital Partners Offshore Fund, Ltd. (the "Lead Plaintiffs"), and Named Plaintiffs The Fire and Police Pension Association of Colorado and The San Antonio Fire and Police Pension Fund (the "Named Plaintiffs," and collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Class, and the undersigned Court-appointed Class Counsel respectfully submit this supplemental memorandum of law in support of (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and the proposed Plan of Allocation of the net settlement proceeds; and (ii) Class Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses, and class representatives' request for reimbursement of costs and expenses.[1]

## PRELIMINARY STATEMENT

Plaintiffs and Class Counsel are pleased to advise the Court that there is ***not a single objection*** to the proposed Settlement, the proposed Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses, or the class representatives' requests for reimbursement of costs and expenses. Further, only a very minimal number of requests for exclusion have been received -- none of which clearly reflects that it is from a Class Member.

As set forth in the Declaration of Carole K. Sylvester, dated October 15, 2012 (ECF No. 194) (the "October Sylvester Declaration"), the Court-authorized Claims Administrator in this matter – Gilardi & Co. LLC ("Gilardi") – provided notice of the proposed Settlement in accordance with the directions set forth in the Court's Preliminary Approval Order. *See* October Sylvester Declaration at ¶¶3-7. As of October 15, 2012, a total of 79,122 Claim Packages –

---

[1] Unless otherwise noted, capitalized terms shall have the meanings set forth in the Stipulation and Agreement of Settlement dated August 3, 2012 (ECF No. 186-1).

consisting of the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") and the Proof of Claim form (the "Claim Form") – had been mailed to potential members of the Class and nominees. *Id*. at 10.  As of November 9, 2012, an additional 1,748 copies of the Claim Packages had been mailed, for a total of 80,870 mailings.[2]  *See* Declaration of Michael Joaquin regarding Mailing of the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and the Proof of Claim and Release Form, dated November 12, 2012 (the "Joaquin Declaration," filed herewith), at ¶3.  In addition, the Summary Notice was published in *Investor's Business Daily* and released over the *PR Newswire* on September 12, 2012, in accordance with the Preliminary Approval Order.  *See* October Sylvester Declaration at ¶13.

The Notice set out the essential terms of the Settlement and informed Class Members of their rights to opt out of the Class or to object.  *See* Notice attached as Exhibit A to the October Sylvester Declaration (ECF No. 194-1), at ¶¶93-99.[3]  As set forth in the Notice, and directed by the Court in the Preliminary Approval Order, (1) any objections to the Settlement, Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and class representatives' requests for reimbursement of costs and expenses; and (2) any requests for exclusion from the Class, were all required to be submitted so as to be

---

[2]  Of the total 80,870 Claim Packages mailed, 3,074 were returned as undeliverable by the United States Postal Service; of those returned, the Claims Administrator was able to obtain updated addresses for 1,752 and these Claim Packages were re-mailed to the new addresses.  Of those re-mailed, 169 have again been returned as undeliverable.  Thus, as of this date, a total of 1,491 out of 80,870 were returned undeliverable and the locator service was unable to find new addresses for them.  *See* Joaquin Declaration ¶4.

[3]  The Notice and Proof of Claim were slightly modified by Order of this Court on August 29, 2012 (ECF No. 189).

received no later than October 29, 2012. *Id.* Due to inaccessibility to this Court caused by Hurricane Sandy, Honorable Loretta A. Preska, Chief United States District Judge, extended all civil deadlines in this Court to November 5, 2012. *See* Order, In the Matter of The Extension of Certain Deadlines in Civil Cases as a Result of Hurricane Sandy and Court Closure. The extended deadline has now passed. As set forth above, no objections to any aspect of the proposed Settlement or to any of the applications for an award of fees or expenses have been submitted. *See* Supplemental Declaration of Solomon B. Cera, dated November 9, 2012, at ¶¶3, 4 filed herewith (the "Cera Supp. Dec.").

Additionally, in total, Gilardi has received only fifteen (15) requests for exclusion from individuals or on behalf of estates. *See* Joaquin Declaration ¶5. None of the requests clearly establish that the person requesting exclusion is a member of the Class.[4]

---

[4] One person states that to the best of her knowledge she does not nor has ever owned any shares of Tronox; four (4) requests were from persons who state that they were holders of Kerr-McGee stock who received Tronox Class B shares as a dividend on or about March 30, 2006 (if, in fact those individuals had no other transactions in Tronox Common Stock or Tronox Bonds during the Class Period, they are not Class Members as persons whose only acquisition of Tronox Class B Shares was by virtue of their status as Kerr McGee stockholders who received the Tronox shares as a dividend distribution on or about March 30, 2006 were specifically excluded from the Class by Order of the Court. *See In re Tronox, Inc. Sec. Litig.*, No. 09-civ-6220 SAS, 2010 WL 2835545 at *10 n.160 (S.D.N.Y. June 28, 2010)); two (2) requests, while they do not explicitly refer to the Kerr McGee dividend distribution appear to be recipients in that dividend distribution as the only transactions they refer to are the receipt of Tronox Class B on or about March 30, 2006; two (2) requests merely refer to having owned Kerr-McGee shares; four (4) requests did not provide any transaction information. With respect to the remaining two (2) requests, one merely stated that the person has 28 shares of Tronox Class B and the other, which provided all the required information reflects that the 200 shares purchased were sold at a profit prior to any alleged corrective disclosure. *See* Cera Supp. Dec. ¶5.

Notwithstanding the fact that the requests for exclusion did not contain all the called-for information or clearly establish that the person requesting exclusion is a Class Member, based on their review of the requests, Lead Plaintiffs ask that all persons who requested exclusion be formally excluded from the Class in order to allay any concerns that they may have. The Preliminary Approval Order and the Notice explicitly provide for acceptance by the Court of

*(Cont'd)*

#126537                                    3

**THE REACTION OF THE CLASS SUPPORTS APPROVAL
OF THE SETTLEMENT, THE PLAN OF ALLOCATION, THE
REQUESTED AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT
OF LITIGATION EXPENSES AND CLASS REPRESENTATIVES'
REQUESTS FOR REIMBURSEMENT OF COSTS AND EXPENSES**

Lead Plaintiffs and Class Counsel respectfully submit that their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, the application for attorneys' fees and reimbursement of litigation expenses, and Lead Plaintiffs' respective applications for an award of reasonable costs and expenses,[5] demonstrate why approval of each motion is warranted. Now that the time for objecting or requesting exclusion from the Class has passed, the reaction of the Class clearly supports that conclusion. The fact that there are **_no_** objections and, that only fifteen requests for exclusion were received (none of which clearly establish membership in the Class), is a very strong indication that the Settlement is fair and in the best interests of the Class, that the proposed Plan of Allocation of the net proceeds of the Settlement is equitable, and that Lead Counsel's fee and litigation expense request and class representatives' requests for reimbursement of costs and expenses are reasonable.

In considering approval of a proposed class action settlement, the reaction of the class is the second factor listed by the Second Circuit in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). Similarly, as stated in *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005), "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *See also In re Veeco Instruments Inc. Sec. Litig.,* No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The strong favorable reaction of the class is overwhelming evidence

---

requests for exclusion that did not comply with the requirements set forth in the Notice. *See* Preliminary Approval Order ¶ 13, Notice ¶ 93.

[5]   ECF Nos. 195 and 196.

#126537                                                    4

that the Settlement is fair, reasonable and adequate."); *Maley v. Del. Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (the "overwhelming positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application."). Courts are particularly inclined to approve a class action settlement where, as here, not a single objection is received. *Id.* at 362 (that "not a single objection to the Settlement was received" and that there were very few requests for exclusion from the class was "strong evidence that the Settlement is fair, reasonable, and adequate"); *Veeco,* 2007 WL 4115809, at * 7 ("The lack of objections provides effective evidence of the fairness of the settlement."); *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *6 (S.D.N.Y. July 27, 2007) (approving settlement with no objections); *Hicks v. Morgan Stanley*, No. 01 Civ. 10071 (RJH), 2005 WL 2757792, at *6 (S.D.N.Y. Oct. 24, 2005) (finding that the "reaction of the class to the settlement strongly supports approval" where there were 104 opt-outs and three objectors out of approximately 100,000 class members). *See also In re Sadia S.A. Sec. Litig.*, No. 08 Civ. 9528 (SAS), 2011 WL 6825235 at * 1 (S.D.N.Y. Dec. 28, 2011) (Scheindlin, J.) (approving settlement where there were no objections and only four exclusions); *In re Canadian Superior Sec. Litig.*, No. 09 Civ. 10087 (SAS), 2011 WL 5830110 at *2 (S.D.N.Y. Nov. 26, 2011) (Scheindlin, J.) (approving settlement where no objections were made and only three Class Members opted out of the settlement). *Board of Trustees of AFTRA Retirement Fund v. JPMorgan Chase Bank, N.A.*, No. 09 Civ. 686 (SAS) 2012 WL 2064907, at *1 (S.D.N.Y. June 7, 2012) (Scheindlin, J.) (approving settlement where no objections were made).

With respect to approval of the proposed Plan of Allocation, courts give great weight to the opinion of experienced counsel. *See* Lead Plaintiffs' Memorandum of Law In Support of Motion for Final Approval of Settlement and Plan of Allocation, at 20. Here, the uniform

approval of the Class is additional strong support for approval of the proposed Plan of Allocation. *See EVCI*, 2007 WL 2230177, at *11 (noting that courts should "consider the reaction of the class to a plan of allocation" and that, where no objections are received "the Plan of Allocation should be approved'); *Maley*, 186 F.Supp. 2d at 367 (finding that "the favorable reaction of the Class supports approval of the proposed Plan of Allocation" where "no Class member ha[d] objected to the Plan"); *In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 127 F. Supp. 2d 418, 430 (S.D.N.Y. 2001) ("the lack of any objections suggests that approval of the Plan of Allocation is warranted").

Finally, with respect to Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and the class representatives' applications for reimbursement of their reasonable costs and expenses, in addition to the bases previously set forth, the fact that there are **no objections** from Class Members to the requested attorneys' fees or expense applications strongly supports approval.  The reaction of class members to fee and expense requests "is entitled to great weight by the Court" and the absence of any objection "suggest that [a] fee request is fair and reasonable."  *In re Veeco Instruments Inc. Sec. Litig.,*  No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400, 2010 WL 4537550, at *29, *31 (S.D.N.Y. Nov. 8, 2010) (noting the absence of any objections to lead counsel's fee and expense request or to lead plaintiff's requests for expenses under the PSLRA, and finding that this "overwhelming positive reaction . . . attests to the approval of the Class"); *Maley*, 186 F. Supp. 2d at 374 (the lack of any objection to the fee request or expense reimbursement represented an "overwhelmingly positive response by the Class" and supported approval of fee and expense application).

**CONCLUSION**

For the reasons set forth herein and in (i) Lead Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Settlement and Plan of Allocation; and (ii) Class Counsel's Memorandum of Law in Support of Application for An Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Class Representatives' Requests for Reimbursement of Costs and Expenses, Plaintiffs and Class Counsel respectfully request that the Court finally approve the proposed Settlement as fair, reasonable and adequate, approve the proposed Plan of Allocation, and approve Class Counsel's request for attorneys' fees and reimbursement of expenses and the class representatives' respective applications for an award of reasonable costs and expenses.

Dated:  November 12, 2012						Respectfully submitted,

**GOLD BENNETT CERA & SIDENER LLP**

By: /s Solomon B. Cera
Solomon B. Cera
Thomas C. Bright
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 777-2230
Facsimile: (415) 777-5189

*Class Counsel*

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Hannah G. Ross
Laura H. Gundersheim
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Attorneys for Named Plaintiffs*

#126537					7

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

                                              /s/Solomon B. Cera
                                                Solomon B. Cera