**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TRONOX, INC. SECURITIES LITIGATION | ) Civil Action No. 09-CV-06220-SAS ) ) ) Electronically Filed ) |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) ) |

**SUPPLEMENTAL DECLARATION OF SOLOMON B. CERA
IN FURTHER SUPPORT OF (A) LEAD PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION
AND (B) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF LITIGATION EXPENSES AND CLASS REPRESENTATIVES'
REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES**

#126538

I, Solomon B. Cera, under penalty of perjury, declares as follows:

1. I was admitted to practice in this Court *pro hac vice* for purposes of this litigation. ECF No. 30. I am an attorney at law and a partner at Gold Bennett Cera & Sidener LLP ("GBCS"), Court-appointed Class Counsel in the above-captioned Litigation. I submit this supplemental declaration in further support of (a) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (b) Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Class Representatives' Requests for Reimbursement of Costs and Expenses.

2. The Court-approved Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") in this matter advised Class Members that:

> (a) Any Class Member seeking to exclude him, her or itself from the Class was required to submit a written request for exclusion by mail to Gilardi & Co. LLC (the Court'appointed Claims Administrator), at an address specified in the Notice, so that it would be *received* by October 29, 2012[1] (*see* Notice at ¶93); and
>
> (b) Any Class Member wishing to object to (i) the Settlement, (ii) the Plan of Allocation, (iii) Lead Counsel's request for an award of attorneys' fees of up to 25% of the Settlement Fund and/or (iv) Lead Counsels' request for reimbursement of expenses and Class Representatives respective requests for reimbursement of costs and expenses in an aggregate amount not to exceed $1,985,000, was required to send copies of their objection to the following entities (at the appropriate addresses specified in the Notice) so that they would be *received* by October 29, 2012:
>
> > a. The Clerk of the Court;
> >
> > b. Gold Bennett Cera & Sidener LLP;

---

[1] Due to inaccessibility to this Court caused by Hurricane Sandy, Honorable Loretta A. Preska, Chief United States District Judge, extended the deadline for all civil filings in this Court to November 5, 2012.

        c.       Weil Gotshal & Manges LLP;

        d.       Dechert LLP

        e.       Sullivan and Cromwell, LLP

        f.       Baker Botts L.L.P.

*See* Notice at ¶¶99-100.

    3.    To date, Class Counsel has not received any objections in this matter. I have confirmed with counsel for defendants that they have not received any objections in this matter. In addition, I have checked the Court's docket, and there is no indication that any objections or requests for exclusion have been sent to or filed with the Clerk of the Court.

    4.    As set forth in the Declaration of Michael Joaquin regarding Mailing of the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and the Proof of Claim and Release Form, dated as of November 12, 2012, filed herewith, the Claims Administrator has not received any objections to the proposed Settlement, the Plan of Allocation, Lead Counsel's requested award of attorneys' fees and expenses or the Class Representatives' request for reimbursement of costs and expenses.

    5.    In total, the Claims Administrator has received fifteen (15) requests for exclusion -- none of which clearly establish that they come from Class Members. One person stated that to the best of her knowledge she does not nor has ever owned any shares of Tronox; four (4) requests were from persons who state that they were holders of Kerr-McGee stock who received Tronox Class B shares as a dividend on or about March 30, 2006 (if, in fact those individuals had no other transactions in Tronox Common Stock or Tronox Bonds during the Class Period, they are not Class Members as persons whose only acquisition of Tronox Class B Shares was by

virtue of their status as Kerr McGee stockholders who received the Tronox shares as a dividend distribution on or about March 30, 2006 were specifically excluded from the Class by Order of the Court.  *See In re Tronox, Inc. Sec. Litig.*, No. 09-civ-6220 SAS, 2010 WL 2835545 at *10 n.160 (S.D.N.Y. June 28, 2010)); two (2) requests, while they do not explicitly refer to the Kerr McGee dividend distribution appear to be recipients in that dividend distribution as the only transactions they refer to are the receipt of Tronox Class B on or about March 30, 2006; two (2) requests merely refer to having owned Kerr-McGee shares; four (4) requests did not provide any transaction information.  With respect to the remaining two (2) requests, one merely stated that the person has 28 shares of Tronox Class B and the other, which provided all the required information reflects that the 200 shares purchased were sold at a profit prior to any alleged corrective disclosure.

   I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 12, 2012.

                   /s/Solomon B. Cera
                   Solomon B. Cera

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

                                                            /s/Solomon B. Cera
                                                              Solomon B. Cera